IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 13 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| BOUKAR ALIOUM | * | |
| | * | |
| VS. | * | CIVIL ACTION |
| | * | NO. B-95-029 |
| E. M. TROMINSKY, Immigration | * | |
| & Naturalization Service, Et Al | * | |

## MEMORANDUM OPINION AND ORDER
## DENYING PETITION FOR HABEAS CORPUS

The Government acknowledges jurisdiction in this Court to review (1) the final order of exclusion in the case under § 106(b) of the INA, 8 U.S.C. § 1105 a(b) and to review the District Directors' denial of immigration parole and the legality of the habeas petitioner's immigration detention under § 279 of the INA, 8 U.S.C. § 1329.

The challenge raised in this habeas is to the decision of the Board of Immigration Appeals (BIA) denying the Petitioner's applications for asylum and withholding of exclusion and deportation. While habeas is the correct method of seeking review of the Board of the Immigration Appeals decision, 8 U.S.C. 1105(a), the standard of review is whether the BIA decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole and/or whether there has been an error of law. The factual determination made by the BIA must be upheld unless the evidence not only supports a contrary conclusion, but compels it. <u>INS v. Elias Zacarias</u>, 502 U.S. 478 (1992).

After a thorough review of the record, the Immigration judge's findings and decision (agreed to by the BIA "for the reasons stated by the Immigration judge") and the decision of the BIA, the Court finds that the decision of the BIA is supported by reasonable, substantial and probative evidence on the record considered as a whole, and that there was no error of law made. Both the BIA and the Immigration judge decisions detail the record evidence relied upon and this Court's thorough review of the hearing record indicates that the evidence was accurately recited and supported in said record.

The Court finds that the BIA applied the correct standard in determining that the Petitioner failed to demonstrate his eligibility under the law for either asylum or withholding of deportation.

Accordingly, the Petition for habeas corpus is DENIED.

SO ORDERED.

Done at Brownsville, Texas, this 13th day of January, 1999.

_____
Stewart A. Newblatt
United States District Judge

2